IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROY V. BEARD                                                                                                    PLAINTIFF

v.                                  Civil No. 1:13-cv-01031

SHERIFF DAVID NORWOOD;
JOHN VOSS; OFFICER OPELT; and
OFFICER GEASTAM                                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Beard filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 27, 2013. ECF No. 1.  Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Ouachita County Detention Center ("OCDC") in Camden, Arkansas.  Plaintiff's address of record indicates he is no longer incarcerated.

In Plaintiff's Complaint, he alleges (1) the search warrant and arrest warrant against him

1

were illegal (ECF No. 1, pp. 4-5); (2) "they drew they gun in my face" during the arrest (ECF No. 1, p. 5); (3) "they" took his girlfriend's phone and $400 (ECF No. 1, p. 5); (4) Officer Opelt "wrote false statement that [three] ounces was found in car by K-9" (ECF No. 1, p. 5); (5) the bond on his arrest warrant was less than the bond at his hearing (ECF No. 1, p. 5); (6) John Voss falsely stated Plaintiff "told him the $585 the officer (Opelt) took was from selling marijuana" (ECF No. 1, p. 5); and (7) Officer Geastman falsely stated "he pull [three] bags of marijuana out [Plaintiff's} jacket (ECF No. 1, p. 5). Plaintiff did not indicate what type of relief he seeks.

On May 16, 2013, the Court determined it would benefit from additional information and ordered Plaintiff to complete a Court prepared addendum to his Complaint. ECF No. 6. This order was sent to Plaintiff at the OCDC and was not returned as undeliverable mail. Plaintiff failed to respond.

On June 10, 2013, the Court issued an Order to Show Cause ordering Plaintiff to show cause why he failed to submit the Court prepared addendum and to submit such addendum. ECF No. 7. This Order was sent to Plaintiff at the OCDC and returned as undeliverable mail. The Court then, upon its own research, changed Plaintiff's address of record to that which he provided the OCDC at booking. The Order to Show Cause to this new address. ECF No. 8. The Order sent to the new address was not returned as undeliverable mail. Plaintiff failed to respond.

 II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

> monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.   DISCUSSION**

Plaintiff has failed to comply with two Court orders—the Court's May 16, 2013 Order directing Plaintiff to file the Court prepared addendum; and the Court's June 10, 2013 Order to Show Cause. Plaintiff has also failed to prosecute this case. He has not communicated with the Court since initially filing this case in March 2013.

3

While Plaintiff has failed to inform the Court of his current address, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff because it is unclear if Plaintiff ever received the Court's orders once he was released from the OCDC. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE